**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| S3G TECHNOLOGY LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CHICK-FIL-A, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>2:20-cv-00114-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Chick-fil-A, Inc., ("Chick-fil-A" or "Defendant") hereby files its Answer, Affirmative Defenses, and Counterclaims, to S3G Technology LLC's ("Plaintiff" or "S3G") Complaint for Patent Infringement (the "Complaint") (Dkt. No. 1). Defendant denies the allegations and characterizations in the Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint.

**JURISDICTION AND VENUE**

1. Defendant admits that the Complaint purports to be an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq.*, but denies that Plaintiff has any viable claim thereunder.

2. Defendant admits that this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that Plaintiff has any viable claim thereunder.

3. Defendant admits that the Court has personal jurisdiction over it, but denies any allegations of infringement and all other remaining allegations in paragraph 3 of the Complaint.

4. Defendant denies that this District is an appropriate or convenient venue for this action and reserves the right to seek transfer to a more convenient forum. Defendant denies that it has committed any act of infringement within this District or any other district. Defendant denies the remaining allegations in paragraph 4 of the Complaint.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint, and therefore denies them.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint, and therefore denies them.

7. Defendant admits that it is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business at 5200 Buffington Road, Atlanta, Georgia, 30349. Defendant admits that it may be served with process through its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201. Defendant denies all other allegations of paragraph 7 of the Complaint.

8. Defendant admits that it conducts business in this Judicial District. Defendant denies all other allegations of paragraph 8 of the Complaint

9. Defendant admits that it owns the exclusive rights to the Chick-fil-A brand, and governs the use of its brand and its technology. Defendant denies the remaining allegations of paragraph 9 of the Complaint.

10. Defendant admits that it supports its mobile applications and its technology, and engages in marketing activities in this Judicial District. Defendant denies the remaining allegations of paragraph 10 of the Complaint.

11. Defendant admits that it works with its restaurant locations, including locations in this Judicial District. Defendant denies the remaining allegations of paragraph 11 of the Complaint.

12. Defendant admits that its franchised restaurants have agreements with Defendant, but denies the remaining allegations of paragraph 12 of the Complaint.

13. Defendant admits that it promotes its business and restaurant locations on its website. Defendant admits that it provides a mobile application. Defendant denies the remaining allegations of paragraph 13 of the Complaint.

14. Defendant admits that it allows users to seek employment through its website, but denies the remaining allegations of paragraph 14 of the Complaint.

15. Defendant admits that it supports its restaurant locations, but denies the remaining allegations of paragraph 15 of the Complaint.

## **PATENTS**

16. Defendant admits that a copy of what purports to be United States Patent No. 9,081,987 (the "'897 patent"), titled "Modification of Terminal and Service Provider Machines Using an Update Server Machine," was attached to the Complaint as Exhibit A. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 16 of the Complaint, and therefore denies them.

17. Defendant admits that a copy of what purports to be United States Patent No. 9,940,124 (the "'124 patent"), titled "Modification of Terminal and Service Provider Machines Using an Update Server Machine," was attached to the Complaint as Exhibit B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 17 of the Complaint, and therefore denies them.

18. Defendant admits that a copy of what purports to be United States Patent No. 10,261,774 (the "'774 patent"), titled "Modification of Terminal and Service Provider Machines Using an Update Server Machine," was attached to the Complaint as Exhibit C. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 18 of the Complaint, and therefore denies them.

**THE ALLEGED TECHNICAL PROBLEMS ADDRESSED BY THE PATENTS-IN-SUIT**

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

**THE ALLEGED CLAIMED SOLUTION TO THE TECHNICAL PROBLEMS**

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant admits that this Court previously construed certain language or claims of U.S. Patent Nos. 8,572,571, 9,081,897, and 9,304,758. That ruling speaks for itself. Defendant denies all other allegations of paragraph 27 of the Complaint.

28. Defendant admits that this Court previously construed certain language or claims of U.S. Patent Nos. 8,572,571, 9,081,897, and 9,304,758. That ruling speaks for itself. Defendant denies all other allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31.     Defendant admits that a copy of what purports to be a Notice of Allowability, dated July 11, 2013, regarding the application that matured to be U.S. Patent No. 8,572,571, was attached to the Complaint as Exhibit F. That document speaks for itself. Defendant denies all other allegations of paragraph 31 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Alleged Infringement of the '897 Patent)

32.     Defendant refers to and incorporates its responses to paragraphs 1-31, above, as though fully set forth herein.

33.     Defendant denies the allegations of paragraph 33.

34.     Defendant denies the allegations of paragraph 34.

35.     Defendant denies the allegations of paragraph 35.

36.     Defendant denies the allegations of paragraph 36.

37.     Defendant denies the allegations of paragraph 37.

38.     Defendant denies the allegations of paragraph 38.

39.     Defendant denies the allegations of paragraph 39.

40.     Defendant denies the allegations of paragraph 40.

41.     Defendant denies the allegations of paragraph 41.

42.     Defendant denies the allegations of paragraph 42.

43.     Defendant denies the allegations of paragraph 43.

44.     Defendant denies the allegations of paragraph 44.

## SECOND CLAIM FOR RELIEF
### (Alleged Infringement of the '124 Patent)

45.     Defendant refers to and incorporates its responses to paragraph 1-44, above, as though fully set forth herein.

5

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

## THIRD CLAIM FOR RELIEF
**(Alleged Infringement of the '774 Patent)**

59. Defendant refers to and incorporates its responses to paragraph 1-58, above, as though fully set forth herein.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant denies the allegations of paragraph 71.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff's request for a trial by jury does not require a response from Defendant.

## PRAYER FOR RELIEF

Defendant denies any liability to Plaintiff, denies that Plaintiff is entitled to any relief from Defendant, and denies all of the allegations contained in Plaintiff's Prayer for Relief.

## GENERAL DENIAL

To the extent that any allegations in the Complaint have not been specifically admitted or denied, Defendant denies them.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant's Affirmative Defenses are listed below.  Defendant reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

### First Defense
### (Non-infringement)

Defendant does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '897 patent, '124 patent, and/or '774 patent (collectively, the "Asserted Patents").

### Second Defense
### (Invalidity)

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### Third Defense
### (Failure to Mark)

To the extent that Plaintiff and alleged predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed the Asserted Patents, Defendant is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

### Fourth Defense
### (Laches, Estoppel, and Waiver)

Plaintiff's attempted enforcement of the Asserted Patents against Defendant is barred by laches, estoppel, and waiver.

### Fifth Defense
### (Limitation on Damages)

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

### Sixth Defense
### (Prosecution History Estoppel)

Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Asserted Patents.

### Seventh Defense
### (Divided Infringement)

Claims in the Asserted Patents require actions by multiple parties in order to infringe the recited methods. Defendant does not perform, direct, or control every element of such claims.

### Eighth Defense
### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Ninth Defense
### (Reservation of Rights)

Defendant reserves the right to add any additional defenses (including but not limited to inequitable conduct) or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Chick-fil-A, Inc. ("Defendant"), for its counterclaims against Plaintiff and Counterclaim-Defendant S3G Technology LLC ("S3G"), states as follows:

## PARTIES

1. Counterclaim-Plaintiff Chick-fil-A, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia.

2. On information and belief based solely on paragraph 5 of the Complaint as pled by Plaintiff, Counterclaim-Defendant S3G Technology LLC is a California limited liability company with a principal office in Foster City, California.

LEGAL02/39878367v1

## JURISDICTION AND VENUE

3.  These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et *seq*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4.  Venue in this District is appropriate over these Counterclaims because S3G has consented to the propriety of venue in this District by filing its claims for patent infringement in this District, in response to which these Counterclaims are asserted.

## FIRST COUNTERCLAIM
## DECLARATION REGARDING NON-INFRINGEMENT OF THE '897 PATENT

5.  Based on S3G's filing of this action and Defendant's First Affirmative Defense, an actual controversy has arisen and exists between the parties as to whether Defendant infringes U.S. Patent No. 9,081,897 (the "'897 patent").

6.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendant requests a declaration by the Court that it does not infringe any claim of the '897 patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## SECOND COUNTERCLAIM
## DECLARATION REGARDING NON-INFRINGEMENT OF THE '124 PATENT

7.  Based on S3G's filing of this action and Defendant's First Affirmative Defense, an actual controversy has arisen and exists between the parties as to whether Defendant infringes U.S. Patent No. 9,940,124 (the "'124 patent").

8.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendant requests a declaration by the Court that it does not infringe any claim of the '124 patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

LEGAL02/39878367v1

## THIRD COUNTERCLAIM
### DECLARATION REGARDING NON-INFRINGEMENT OF THE '774 PATENT

9. Based on S3G's filing of this action and Defendant's First Affirmative Defense, an actual controversy has arisen and exists between the parties as to whether Defendant infringes U.S. Patent No. 10,261,774 (the "'774 patent").

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendant requests a declaration by the Court that it does not infringe any claim of the '774 patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## FOURTH COUNTERCLAIM
### DECLARATION REGARDING INVALIDITY OF THE '897 PATENT

11. Based on S3G's filing of this action and Defendant's Second Affirmative Defense, an actual controversy has arisen and exists between the parties as to the validity of the claims of the '897 patent.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Defendant requests a declaration by the Court that the claims of the '897 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## FIFTH COUNTERCLAIM
### DECLARATION REGARDING INVALIDITY OF THE '124 PATENT

13. Based on S3G's filing of this action and Defendant's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '124 patent.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Defendant requests a declaration by the Court that the claims of the '124 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## SIXTH COUNTERCLAIM
## DECLARATION REGARDING INVALIDITY OF THE '774 PATENT

15. Based on S3G's filing of this action and Defendant's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '774 patent.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Defendant requests a declaration by the Court that the claims of the '774 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## DEMAND FOR JURY TRIAL

17. Defendant demands a trial by Jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant asks this Court to enter judgment in favor of Defendant and against S3G by granting the following relief:

a) a declaration that the asserted claims of the '897, '124, and '774 patents are invalid;

b) a declaration that Defendant does not infringe, under any theory, any claim of the '897, '124, and '774 patents;

c) a declaration that S3G take nothing by its Complaint;

d) judgment against S3G and in favor of Defendant;

e) dismissal of S3G's Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Defendant of its costs and attorneys' fees incurred in this action; and

g) any and all further relief as the Court may deem just and proper.

Date: June 30, 2020  Respectfully submitted,

By: */s/ Robert L. Lee*
Robert L. Lee
(Georgia Bar No. 443,978)
Bob.Lee@alston.com
Emily C. Welch
(Georgia Bar No. 606,071)
Emily.welch@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree St. NE
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

***Counsel for Defendant***
***Chick-fil-A, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

June 30, 2020  /s/ *Robert L. Lee*
Robert L. Lee (Ga. Bar No. 443978)